## O. BARBOUR
### v.
## GEORGE W. PERRY, FOR USE, ETC.

*Replevin—Bond—Action on—Pleading—Practice—Sales—Fraud.*

1. A plea attempting to put in issue what the record was in the office of the justice, before whom an action of replevin was originally brought, the declaration in an action of debt upon the bond alleging that the plaintiff in the replevin suit upon appeal by him submitted to a non-suit in the Circuit Court, a writ of *retorno* having been awarded, no return being made, tenders an immaterial issue, and a demurrer thereto should be sustained.

2. While in such case the existence of the record of the judgment in the Circuit Court is material, a plea attempting to deny the existence of records in it, and the justice court, is bad.

3. A secret agreement or contract will not be sustained, by which a manufacturer seeks to assert title in property after its sale by a person named, to another, because of not having received the price thereof from the seller, unless fraud in purchasing, or knowledge on the part of the purchaser is shown, nor will any sort of receipt given by the seller to the manufacturer affect an innocent purchaser.

4. As to whether there was fraud on the part of the purchaser in a given case, or any knowledge on his part of any right in the manufacturer, when the purchase was made from the person selling the same, are questions of fact for the jury.

5. If in such case a purchaser has knowledge of the intent of the person selling to defraud the manufacturer, after the purchase and after payment, or the execution of negotiable paper as evidence of indebtedness, such knowledge will not relate back to the time of the purchase, if such purchaser had no such knowledge, and no circumstances of suspicion arose before purchasing.

6. Evidence as to the financial ability of such seller or indebtedness to others, was not admissible in the case presented.

7. This court can not consider alleged errors not incorporated in the record.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding.

Messrs. T. S. THOMPSON and W. A. SCHWARTZ, for appellant

Messrs. YOUNGBLOOD & BARR, for appellee.

PHILLIPS, P. J.   This is an action on a replevin bond given
by the Thomas Manufacturing Company in a replevin suit in
which they were plaintiffs and Searing & Keesee were
defendants, with appellant as surety on the bond.   The bond
was given to George W. Perry, a constable.   In that replevin
suit a trial was had before a justice of the peace, and an
appeal was taken to the Circuit Court, where a jury was
impaneled and witnesses heard, and the plaintiff dismissed
that suit at its cost and a writ of *retorno habendo* was awarded.
This suit is brought on that replevin bond.   The declaration
alleges the plaintiff was unsuccessful before the justice of
the peace and appealed to the Circuit Court, and in that court
did not prosecute its suit with effect, but submitted to a non-
suit and did not make return of the goods replevied, though
return was awarded.   The defendant to this action is the
surety on the bond, and to the declaration, filed pleas of *non
est factum*, and plea that the merits of the action were not
tried as provided by the 26th section of the Replevin Act, and
a further plea, which avers that there is not any record of the
supposed recovery before the justice of the peace and appeal
taken to the Circuit Court and such proceedings had there as
in the said declaration mentioned, remaining in the said jus-
tice's and Circuit Courts, as in the declaration alleged.   To this
plea a demurrer was interposed and sustained, to which the
defendant excepted, and assigns as error the sustaining the
demurrer to that plea.

The proceedings before the justice were not a material issue.
By the averments of the declaration, the plaintiff in the
replevin suit submitted to a non-suit in the Circuit Court, and a
writ of *retorno habendo* was awarded.   It could make no differ-
ence as to what record remained in the office of the justice of
the peace, and the plea which attempted to put in issue what
record was in the office of the justice of the peace, tendered an
immaterial issue.   Nor does the fact that the plea attempted
to deny the existence of records in the Circuit Court and jus-
tice's court make the plea good.   The existence of the record

of the judgment in the Circuit Court was material, but by attempting to put in issue also the judgment before the justice of the peace, the plea was not good, and the demurrer thereto was properly sustained.

The evidence shows that Searing & Keesee purchased a stock of agricultural implements from Chandler & Son, who were doing business at Carterville and Carbondale, and of the implements were twelve self-dump rakes manufactured by the Thomas Manufacturing Company. These rakes had been shipped by the manufacturers to Chandler & Son, and by an agreement by the shippers and consignees, the rakes were to be considered the property of the Thomas Manufacturing Company until paid for, and at the same time the value of the rakes were, by the shippers, charged to Chandler & Son, who were authorized to sell them. Not being sold or paid for, on the 3d of August, 1887, the agent of the manufacturers took from Chandler & Son a warehouse receipt for the storage of the rakes, and the defendants insist that no title existed in Chandler & Son, and they could not, therefore, convey any title to Searing & Keesee.

The evidence further shows that at that time Chandler & Son were indebted to the Thomas Manufacturing Company in a sum not exceeding $50, and after the execution of that receipt, that company drew on Chandler & Son, on about October 5, 1887, for $100, and on about the 20th of October, 1889, for $150, which drafts Chandler & Son claim included the price and value of these rakes. These drafts were not paid. These facts are not seriously controverted. A secret agreement or contract will not be sustained, by which that company seeks to assert title in the property after its sale, because of not receiving the prices for the goods, unless fraud in purchasing or knowledge on the part of the purchaser is shown; nor will any form of receipt make such agreement binding and valid as against an innocent purchaser. The evidence in the record discloses the fact that the rakes were in the possession of Chandler & Son for the purpose of sale, and as between the manufacturers and Chandler & Son, whenever paid for, were to be the property of Chandler & Son, and this both before

and after the taking of the warehouse receipt on the 3d of August, 1887. As to whether there was fraud on the part of the purchasers, or any knowledge on their part of any right in the Thomas Manufacturing Company, when they purchased from Chandler & Son, were questions of fact for the jury; and while the evidence is conflicting as to knowledge on their part, they deny knowledge of any right or claim on the part of that company at the time of their purchase; and the jury having determined that question and the question of fraud in purchasing, and there being evidence which authorized and sustains the verdict, we can not disturb it on these questions of fact. It was assigned as error that the court excluded evidence offered by the defendant, which, it is insisted, should have been permitted to go to the jury. The defendant offered the evidence of J. H. Criddle to show that Chandler & Son, at the time of their sale to Searing & Keesee, were indebted to Cherry, Morrow & Co., of Nashville, Tenn., in a large sum of money, for goods before that time sold to them. The contention in this case does not involve the question of Chandler & Son inducing the sale of the goods by false representations of financial ability on their part, nor of their having fraudulently procured the sale of the goods to them; hence the question of their indebtedness to others, or their financial ability, is not involved in this case, and that evidence was properly excluded.

It is insisted that the court erred in modifying the eighth and ninth instructions asked by the defendant. These instructions were asked that if Chandler & Son sold the property in question to Searing & Keesee with the intention of defrauding the Thomas Manufacturing Company out of their property and the pay therefor, and if Searing & Keesee had knowledge of such fraudulent intent, or circumstances that would arouse suspicion, then they were not innocent purchasers. The modification as made by the court was, that if the purchasers had knowledge of such fraudulent intent before purchasing, or that circumstances that would arouse suspicion came to them before purchasing, the modification as made was proper, no matter what came to their knowledge after the purchase and after payment, or after the execution of negotiable paper as

evidence of their indebtedness; that knowledge would not relate back to the time of purchase, if they had no such knowledge and no circumstances of suspicion came to them before purchasing. The error assigned in refusing instructions asked by the defendant we can not consider, as no refused instructions are incorporated in the record. The instructions given for the plaintiff correctly stated the law.

The sixth assignment of error questions the practice adopted by the court in reading the instructions given to the jury. On examination of the instructions incorporated in the record, we find the instructions for plaintiff as a series and then the instructions for defendant. As to whether they were read in a different manner from that in which they are in the record is not shown either by the certificate of the court or by affidavits. We can not, therefore, consider this assignment of error. We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*